**United States District Court, Nebraska**

| | |
|---|---|
| **United States of America,** | **Case No.  8:25-CR-235** |
| **Plaintiff**, | |
| **vs.** | **Objection to Order**<br>**Re Speedy Trial (Filing 311)** |
| **Gregory Bahati, et al.** | |
| **Defendants**. | |

Gregory Bahati, by and through his undersigned counsel, respectfully objects pursuant to 28 USC §636(b)(1)(C) and NECrimR 59.2 to the order entered March 23, 2026 by the United States Magistrate Judge (Filing 311).

For his objections to the order, Defendant states and alleges as follows:

1.      Despite Mr. Bahati's request for an evidentiary hearing, the order was entered after a telephone status conference call, in the absence of a motion for continuance of trial, notice, receipt of evidence or meaningful opportunity to be heard. In light of Mr. Bahati's ongoing deprivation of liberty, and the fact both constitutional and statutory rights weigh in the balance, the procedures utilized violate Mr. Bahati's right to due process.

2.      The order is based, in part, upon the notion the case involves "novel questions of fact and law;" however, no such novelties have been identified by any party, during any hearing. There is not anything complex about the allegations made in Counts I

1

through Five. They concern a single event that does not appear to have been pre-planned, but rather spontaneous conduct occurring during a bar fight in September, 2024.

3.      The order is based, in large part, upon the volume of discovery being produced by the Government; however, the court has heard no evidence regarding what the discovery consists of, whether there is any reason to believe it is relevant, or whether it has even been reviewed by investigators. Devices seized from Mr. Bahati's Mr. Wright, the principal subjects of the first Five Counts, were searched long ago and their contents long since reviewed. An "ends of justice" continuance should not be issued to enable Plaintiff to comb through other random digital evidence for data supporting the allegations made in an indictment.

4.      The order relies upon the volume of discover while denying Mr. Bahati's request for an order requiring the Plaintiff provide more traditional items – such as proffer reports, investigative summaries, and search warrant materials – separately, rather than aggregate all discovery despite the inevitable truth only a small percentage of the data will be relevant. The right to a speedy trial should not be thwarted simply because law-enforcement collected an array of digital evidence and announced it is producing it in discovery.

5.      The order is based, in part, upon the number of defendants joined in the Indictment. However, it is unclear from the face of the Indictment why Counts I through V, all of which center on shooting during a spontaneous bar fight in Lincoln, should be joined with Counts VI through XXI, none of which involve Mr. Bahati.  No evidence has been introduced on the issue. Plaintiff should not be allowed to thwart Mr. Bahati's right

2

to a speedy trial by joining in a single indictment a series of otherwise unrelated offenses based simply upon the naked assertion they were committed in furtherance of gang activity.

Dated this 3rd day of April, 2026.

GREGORY J. BAHATI, Defendant

By:    /s/ *Adam J. Sipple* (No. 20557)
         S I P P L E L A W
         12020 Shamrock Plaza, Ste. 200
         Omaha, NE 68154
         402.778.5055
         adam@sipple.law
         *Attorney for Defendant*

### Certificate of Service

The undersigned certifies that he served a copy of the foregoing on counsel of record using CM/ECF.

/s/ *Adam J. Sipple*

3