100IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>GREGORY JEROME BAHATI, MALIK D. BAHATI, JOHNNY L. CHATMON, DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, LAMAR D. GLOVER, KAVION WRIGHT, CAMERON J. WILLIAMS, DARNELL L. MATTHEWS, NOAH MCINTOSH, and ANTREVION MCNICHOLS,<br><br>Defendant. | **8:25CR235**<br><br><br>**ORDER** |

A telephone status conference was held today. During the telephone conference, the court elicited status updates from the parties. Defendant Malik D. Bahati, Defendant Jackson, Defendant Allen, Defendant Bingham, Defendant Pierce, Defendant Glover, Defendant Wright, Defendant Williams, Defendant Matthews, Defendant McIntosh, and Defendant McNichols' counsel advised they need additional time to review discovery and are not ready to set a pretrial motions deadline and, further, requested the status conference be continued approximately thirty days. The government did not object. Defense counsel for Chatmon did not attend. Defense counsel for Gregory Jerome Bahati's requested a pretrial motion deadline be set and a trial date be set. The Court denied this request as it indicated all defense counsel should be able to review the discovery recently provided to defense counsel (or, in some cases, that is en route to defense counsel) before setting a pretrial motions deadline. Discovery hard drives have been received within the last few days by defense counsel, with some having yet to receive such information.

Based upon the updates of all counsel, the court found good cause to continue to designate this case as unusual and complex pursuant to 18 USC § 3161(h)(7)(B)(ii), to grant the aforementioned Defendants' motion to continue and set a status conference in approximately thirty days to set further progression deadlines, including the deadline for pretrial motions, and, further, to exclude the time pursuant to the Speedy Trial Act until that status conference. This includes, but is not limited to, the fact that the court-appointed discovery coordinator recently provided the discovery to defense counsel and some defense counsel are awaiting such hard drive, as well as the other reasons set forth in this Court's original order deeming this matter unusual and complex.

In addition, the Government represented it has provided all discovery as required under Federal Rules of Criminal Procedure 16(a)(1)(A)-(F) and 16(b)(1)(A)-(B). This deadline is now closed. The Government must comply with the continuing duty to disclose such matters pursuant to Rule 16(c).

Accordingly,

IT IS ORDERED:

1) A telephonic conference with counsel will be held before the undersigned magistrate judge at 3:00 p.m. on May 28, 2026 to discuss setting further progression deadlines in this matter. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

2) Due to the nature of the prosecution, the number of defendants, the existence of novel questions of fact and law, and the amount of discovery, as well as for the reasons set forth in the government's original motion to deem this matter unusual and complex, the reasons set forth in the initial appearances, and for the reasons set forth during this status call, the court continues to designate this matter as an unusual and complex case. 18 U.S.C. 3161(h)(7)(B)(ii). Moreover, the Court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(6), (h)(7)(A). Furthermore, there are multiple defendants joined for trial in this matter and more than one moved for a continuance of the status conference. 18 U.S.C. § 3161 (h)(6). Any additional time arising as a result of the granting of this motion, that is, the time between today's date and on May 28, 2026, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.  Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(6), and (h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 27th day of April, 2026.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge