IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY JEROME BAHATI,<br><br>Defendant. | **8:25CR235**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Objection (Filing No. 312) to the Magistrate Judge's March 23, 2026 order designating this case as complex and thus exempt from the Speedy Trial Act. (Filing No. 311.) For the reasons explained below, Defendant's Objection will be overruled.

## BACKGROUND

On November 18, 2025, Defendant—along with twelve co-defendants—where indicted in a twenty-three-count Indictment on criminal charges stemming from alleged violent gang activity and firearms offenses. (Filing No. 55.) Defendant is not named in all Counts of the Indictment, but the charges against Defendant are serious, and include murder in aid or racketeering; attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering; murder by firearm; firearms conspiracy; and firearms trafficking conspiracy. (Filing No. 55.) Defendant was allegedly present at the scene of a shooting involved in this case, and the Government contends that the evidence at trial will show that Defendant was a firearms source for the gang and that he provided weapons for several shootings charged in other Counts of the Indictment. (Filing No. 317.)

On December 5, 2025, the Government filed a Joint Motion for Designation of Complex Case pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. § 3771(a), and 18 U.S.C. § 3161(h)(7)(B)(ii). (Filing No. 192.)  The motion requested that this case be designated as unusual or complex and therefore exempt from the Speedy Trial Act.  (Filing No. 192.)  The motion also requested that the Government's Fed. R. Civ. P. 16 disclosures be deferred for 60 days to allow all counsel time to obtain and provide external hard drives to the Government and to allow the Government to place all presently discoverable matters on those hard drives.

In support of the motion, the Government stated that it would be providing several terabytes of discovery that would need to be placed on external hard drives; that voluminous evidence in this case will include hundreds of thousands of Instagram conversations, numerous cellular phone devices extracted from a variety of defendants and witnesses, significant digital video evidence and a large volume of case reports.  The Government also advanced that the charges in this case are inherently complex and serious requiring significant legal research, and that the possible penalty for most defendants is up to life in prison, and that for two defendants, the penalty could be capital in nature.[1]  Counsel for seven of Defendants' co-defendants expressly joined and/or had no objection to the motion.  Counsel for three other co-defendants advised the Government by email that they had no objection to the designation of this case as complex. (Filing No. 317.)  The Magistrate Judge gave the parties until December 12, 2025 to submit objections to the motion. (Filing No. 193.) Defendant was the only party who objected.  His objection was filed on December 12, 2025.  (Filing No. 237.)

On December 15, 2025, all court-appointed counsel (including Defendant's counsel) filed a motion requesting the appointment of a discovery coordinator for the case.  (Filing No. 245). The motion stated that a discovery coordinator was needed because discovery was extensive and included several terabytes of materials, including "hundreds of thousands of Instagram conversations, numerous cellular phone devices extracted from a variety of defendants and witnesses, and digital video evidence, as well as investigative reports, search warrant pleadings, and grand jury materials." (Filing No. 245.)  The Magistrate Judge granted the motion.  (Filing No. 261.)

---

[1] The Government is not pursuing the death penalty in this case.

2

A status conference was held before the Magistrate Judge on December 15, 2025 (Filing No. 257), at which time the Motion for Designation of Complex Case was addressed. The Magistrate Judge issued an order that day, granting the motion. (Filing No. 259.) The order stated, in part:

> The court finds from the representations by counsel for the parties in the motion and initial appearance that this case is so unusual and so complex due to the number of defendants, nature of the prosecution, the existence of novel questions of fact and law, as well as for the reasons set forth in the motion, that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act.

(Filing No. 259.)  No one objected to the order.

Another status conference was held before the Magistrate Judge on March 23, 2026. (Filing No. 311.)  Of the attorneys present, only Defendant's counsel objected to the continued designation of this case as complex.  (Filing No. 311; Filing No. 312.)  Following the conference, the Magistrate Judge entered an order, which provided in relevant part:

> During the telephone conference, the court elicited status updates from the parties. [Co-defendant] McNichols' counsel advised he needs additional time to review discovery and is not ready to set a pretrial motions deadline and, further, requested the status conference be continued to coincide with other co-defendants. The government did not object. Defense counsel for [Defendant] objected to exclusion of speedy trial in conjunction with this continuance. Based upon the updates of all counsel, the court found good cause to continue to designate this case as unusual and complex pursuant to 18 U.S.C § 3161(h)(7)(B)(ii), to grant [co-defendant] McNichols motion to continue and set a status conference in approximately thirty days to set further progression deadlines, including the deadline for pretrial motions, and, further, to exclude the time pursuant to the Speedy Trial Act until that status conference. This includes, but is not limited to, the fact that the court-appointed discovery coordinator is continuing to digest the discovery provided by the government so that it can be easily searched by defense counsel, as well as the other reasons set forth in this Court's original order deeming this matter unusual and complex.

(Filing No. 311.)  The Magistrate Judge further found:

> Due to the nature of the prosecution, the number of defendants, the existence of novel questions of fact and law, and the amount of discovery, as well as for the reasons set forth in the government's original motion to deem this matter unusual and complex, the reasons set forth in the initial appearances, and for the reasons set forth during this status call, the court continues to designate this matter as an

3

unusual and complex case. 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, the Court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(6), (h)(7)(A). Furthermore, there are multiple defendants joined for trial in this matter and more than one moved for a continuance of the status conference either during or before the status conference.

(Filing No. 311.) Defendant filed the instant Objection to the Magistrate Judge's March 23 order on April 3, 2026. (Filing No. 312.)

## DISCUSSION

Factual findings about the Speedy Trial Act are reviewed for clear error, and legal conclusions de novo. *See United States v. Harlan*, 960 F.3d 1089, 1092 (8th Cir. 2020); *see also* 28 U.S.C. § 636(b). Here, out of an abundance of caution, the Court has reviewed the issue de novo.

The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance before a judicial officer of the court in which such charge is pending, whichever date last occurs. *See United States v. Boyd*, 138 F.4th 1079, 1082 (8th Cir. 2025). However, the Speedy Trial Act allows certain delays to be excluded for purposes of calculating the seventy-day time limit. Relevant here, is the Speedy Trial Act's exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

Another relevant exclusion is that of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his [or her] findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Among the factors to be considered in determining whether a period of delay should be excluded based on the "ends of justice," are "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

4

Defendant argues this case should not be designated as complex because the delay in this case is attributable to the Government's failure to diligently prepare its case and obtain available witnesses and evidence. Essentially, Defendant maintains that the Government is attempting to "buy time" to locate relevant evidence and produce discovery because it hastily indicted him to avoid his case proceeding to trial in state court.  Defendant claims he is entitled—under principles of due process—to an evidentiary hearing to explore whether the Government has strategized to delay this case and to also determine whether the discovery gathered to date is even relevant. Defendant suspects that only a small percentage of data collected is relevant to the charges against him. Defendant further contends that the number of defendants in this case does not support a "complex" designation because it is unclear why Counts I through V of the Indictment—which deal with a shooting at a bar—are joined with Counts VI through XXI, which do not involve Defendant.  The Court finds Defendant's arguments unpersuasive.

This case involves twenty-three charges against thirteen different individuals.  Although Defendant is not named in every Count of the Indictment, the Counts appear to be related.  The charges all appear to stem from an alleged gang enterprise—a gang in which Defendant is alleged to be a member or associate.  The Government maintains that Defendant was a firearms source for the gang and that he provided weapons for several shootings charged in other Counts of the Indictment.  Given that this case involves an alleged enterprise, it is not surprising to the Court that legal research and discovery is extensive, which obviously contributes to the case's complexity.  Also, it is not lost on the Court that Defendant's current arguments regarding the nature of discovery run contradictory to his position that a discovery coordinator was necessary. Additionally, several status conferences have been held in this case during which counsel for the parties have had an opportunity to discuss this case's designation as complex.  The Court sees no need for a separate evidentiary hearing to explore the matter, particularly when some of Defendant's co-defendants have expressed their need for additional time to prepare their defenses, and no other defendant has objected to this case's designation as complex.  For these reasons, the Court finds the designation of this case as complex is warranted.

Accordingly,

5

**IT IS ORDERED** Defendant's Objection (Filing No. 312) to the Magistrate Judge's March 23, 2026 order is overruled.

Dated this 30th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge