IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GREGORY JEROME BAHATI, MALIK D. BAHATI, JOHNNY L. CHATMON, DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, LAMAR D. GLOVER, KAVION WRIGHT, CAMERON J. WILLIAMS, DARNELL L. MATTHEWS, NOAH MCINTOSH, and ANTREVION MCNICHOLS,

Defendant.

**8:25CR235**

**ORDER**

A telephone status conference was held today. During the telephone conference, the court elicited status updates from the parties. Defense counsel for Gregory Jerome Bahati, Malik D. Bahati, II, Deshawn P. Jackson, Jaqueris J. Allen, McKeith M. Bingham, Kevin Rashad Pierce, Lamar D. Glover, Kavion Wright, Darnell L. Matthews, Noah McIntosh, and Antrevion McNichols notified the court that they need additional time to consider and decide whether to enter a guilty plea or go to trial and consider the propriety of pretrial motions and requested a pretrial motion deadline in sixty days and, further moved to continue the status conference until after the pretrial motion deadline. The government did not object. After discussion among the parties, and for good cause shown, the oral motion to continue should be granted. Accordingly,

IT IS ORDERED:

1) Pretrial motions and briefs shall be filed on or before November 4, 2026 **for the above captioned defendants only.**

2) A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:30 a.m. on November 2, 2026 to discuss setting any hearings on pretrial motions, any change of plea hearing or the date of the jury trial. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

3) In accordance with 18 U.S.C. § 3161(h)(6), and (h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and on November 4, 2026, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(6), and (h)(7)(A) & (B)(iv). In addition, this Court has deemed this case unusual and complex, and continues to find this matter is unusual and complex.

18 U.S.C. 3161(h)(7)(B)(ii). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 3rd day of September, 2026.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge